UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:01-cr-0034-SEB-DML-1 |
| | ) | |
| MARCUS JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Sarah Evans Barker, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on May 13, 2013, and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on January 17, 2014, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On January 17, 2014, defendant Marcus Jones appeared in person with his appointed counsel, Bill Dazey. The government appeared by Josh Minkler, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer Troy Adamson, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Jones of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Jones questions to ensure that he had the ability to understand the proceedings and his rights.

2. A copy of the Petition was provided to Mr. Jones and his counsel, who informed the court they had reviewed the Petition and that Mr. Jones understood the violations alleged. Mr. Jones waived further reading of the Petition.

3. The court advised Mr. Jones of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petition. Mr. Jones was advised of the rights he would have at a preliminary hearing. Mr. Jones stated that he wished to waive his right to a preliminary hearing.

4. Mr. Jones stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petition. Mr. Jones executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Jones of his right to a hearing on the Petition and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Jones advised the court that he was prepared to admit the violations and give up his right to a hearing. He further confirmed that he made these decisions voluntarily after consultation with counsel, with no promises of the magistrate judge's recommended disposition

of the matter, and further that he understood that the district judge was not required to accept the magistrate judge's recommendation.

7.	The court placed Mr. Jones under oath and directly inquired of Mr. Jones whether he admitted violations 1 through 5 of his supervised release. Mr. Jones admitted violations 1 through 5 of his supervised release as set forth below:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall not commit another federal, state, or local crime."** |
| 2 | **"The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician."** |
| 3 | **"The defendant shall not illegally possess a controlled substance."** |
|  | On May 2, 2013, a search was conducted of the offender's residence. Officers located approximately 50 grams of marijuana in a duffle bag in his room, a bag of a cocaine look alike substance, and evidence of drug distribution. The offender admitted the marijuana was his and was charged in Madison County, Indiana, with dealing in marijuana and dealing in a look alike substance. |
| 4 | **"The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer."** |
|  | During a search of his residence, probation officers located the offender's cell phone which contains a video which is dated March 20, 2013, of the offender with James Streeter AKA: "yags." In 1999, Mr. Streeter was convicted in the Southern District of Indiana for distribution of narcotics. While on supervised release in 2007 Mr. Streeter was charged with dealing in cocaine in Madison County, Indiana, and his supervised release was revoked. Mr. Streeter was released from federal custody in February 2011. In addition, the |

offender's phone contained photos of Mr. Streeter which were taken in October 2012, and text messages to and from Mr. Streeter from March to April 2013.

The offender's cell phone also contained photos of Antonio Johnson. Antonio Johnson was on parole and was arrested March 1, 2013, by the Anderson Police Department for battery and criminal confinement with bodily injury. Mr. Johnson has a lengthy criminal history which includes arrests and convictions for resisting law enforcement; auto theft; criminal recklessness; carrying a firearm; pointing a firearm; receiving stolen property; conspiracy to commit armed robbery; criminal confinement; and intimidation.

5  **"The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered."**

The offender's phone contains a video dated March 20, 2013, taken by the offender which depicts a female by the name of "Deondra" and James Streeter passing what appears to be a marijuana cigarette between them. The offender can be heard in the video saying "wanna hit the weed" and "tell James to pass it to you."

8. On the basis of Mr. Jones's admissions, the court found he committed the violations specified in the Petition.

9. The parties and the USPO further stipulated that:

   (a)  The highest grade of Violation (Violation 1) is a Grade A violation (U.S.S.G. § 7B1.1(a)(2)).

   (b)  Mr. Jones' criminal history category is 2.

   (c)  The range of imprisonment applicable upon revocation of Mr. Jones' supervised release, therefore, is 27-33 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

10. The parties agreed on the appropriate disposition of the Petition to recommend to the court as follows: (a) the defendant's supervised release is to be revoked; (b) the defendant will be sentenced to the Bureau of Prisons for a period of twenty-one months consecutive to his

state case sentence, with no supervised release to follow; and (c) the defendant is to be taken into custody immediately.

The court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, MARCUS JONES, violated the above-specified conditions in the Petition and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of twenty-one (21) months to be served consecutive to his state case sentence, with no supervised release to follow. The defendant is remanded to the custody of the United States Marshal pending the district court's action on this Report and Recommendation.

Counsel for the parties and Mr. Jones stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge=s Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. ' 636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Jones entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge=s Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Jones' supervised release, imposing a sentence of imprisonment of twenty-one (21) months in the custody of the Attorney General or his designee with no supervised release to follow, and ordering that Mr. Jones be taken into custody immediately.

IT IS SO RECOMMENDED.

Date: 01/21/2014

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office

United States Marshal